

Monika Santiago
300 N Charles St, Apt 407
Baltimore, MD 21201
Phone: (631) 381-5020
Email: mnksntg@gmail.com

Defendant:
Eshhaq Rafiq
7308 Olive Branch Way
Laurel, MD 20707
Owner of Maiwand Grill

Date: July 18, 2025

Clerk of the Court
Circuit Court for Baltimore City
111 N Calvert Street
Baltimore, MD 21202

Re: Request to File Civil Complaint – Wage Theft, Tip Misappropriation, and Overtime Violations

Dear Clerk of the Court,

My name is Monika Santiago, and I am seeking to file a civil complaint against my former employer, Mr. Eshhaq Rafiq, owner of Maiwand Grill, located at 324 W Baltimore Street, Baltimore, MD 21201.

I was employed by Maiwand Grill for approximately three years as a server. During my time there, I experienced numerous wage and labor violations, including:

1. Tip Misappropriation – Management routinely withheld a significant portion of tips that were rightfully mine.
2. Failure to Pay Overtime – I frequently worked over 40 hours per week but was not paid the legally required time-and-a-half rate. Instead, I received flat cash payments for extra hours that were not reported on my W-2.
3. Unpaid Final Wages – Following my termination, I did not receive payment for my final week of work. Despite multiple attempts to collect these wages, Mr. Rafiq has refused to pay me.

I estimate that I am owed approximately $90,000 in unpaid wages, misappropriated tips, and unpaid overtime, including applicable damages and penalties under Maryland wage laws.

I respectfully request that the court allow this matter to be heard and that a hearing be scheduled. I further request that Mr. Rafiq be held liable for the wages owed, along with any damages or penalties the court deems appropriate.

E-SERVED Baltimore City Circuit Court 7/22/2025 9:22 AM Submission: 7/22/2025 9:22 AM
Envelope: 22140587

**CIRCUIT COURT FOR BALTIMORE CITY**

**MARYLAND**

CIVIL DIVISION

111 N. Calvert Street

Baltimore, Maryland 21202

Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** MAIWAND GRILL
324 W BALTIMORE ST
BALTIMORE, MD 21201

| | |
|---|---|
| Case Number: | C-24-CV-25-006454 |
| Other Reference Number(s): | |
| Child Support Enforcement Number: | |

**MONIKA SANTIAGO VS. MAIWAND GRILL, ET AL.**

Issue Date: 7/22/2025

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

MONIKA SANTIAGO
300 N Charles St Apt 407
Baltimore, MD 21201

This summons is effective for service only if served within 60 days after the date it is issued.

*Xavier A. Conaway*
Clerk of the Circuit Court

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

IN THE CIRCUIT COURT FOR Baltimore City
<br>(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).

   *Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☐ PLAINTIFF ☒ DEFENDANT     CASE NUMBER C-24-CV-25-006454
<br>      (Clerk to insert)

**CASE NAME:** Monika Santiago     vs.     Maiwand Grill and Ishhaq Rafiq.
<br>     Plaintiff                Defendant

**PARTY'S NAME:** Maiwand Grill; Isshaq Rafiq.     **PHONE:** c/o Flood Law LLC

**PARTY'S ADDRESS:** c/o Flood Law LLC

**PARTY'S E-MAIL:** c/o Counsel: john@fmlaw.org

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** John B. Flood     **PHONE:** (240) 403-2619

**PARTY'S ATTORNEY'S ADDRESS:** 2600 Tower Oaks Blvd, Suite 290, Rockville, MD 20852

**PARTY'S ATTORNEY'S E-MAIL:** john@fmlaw.org

**JURY DEMAND?** ☐ Yes ☒ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours 1 days

### PLEADING TYPE

**New Case:** ☒ Original     ☐ Administrative Appeal     ☐ Appeal
<br>**Existing Case:** ☐ Post-Judgment     ☐ Amendment
<br>*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
| --- |

| | | | |
| --- | --- | --- | --- |
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☒ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☐ Liability is not conceded, but is not seriously in dispute.    ☒ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
| --- |

☐ Under $10,000    ☐ $10,000 - $30,000    ☒ $30,000 - $100,000    ☐ Over $100,000

☐ Medical Bills $ _____    ☐ Wage Loss $ _____    ☐ Property Damages $ _____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
| --- |

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | |
| --- | --- | --- | --- | --- |
| A. Mediation | ☒ Yes ☐ No | | C. Settlement Conference | ☒ Yes ☐ No |
| B. Arbitration | ☐ Yes ☒ No | | D. Neutral Evaluation | ☐ Yes ☒ No |

| SPECIAL REQUIREMENTS |
| --- |

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
| --- |

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

### *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☒ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
| --- |

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited -** Trial within 7 months of          ☐ **Standard -** Trial within 18 months of
Defendant's response                               Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under*
*Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❑ **Expedited -** Trial within 7 months of     ❑ **Standard -** Trial within 18 months of
Defendant's response                              Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY,*
*PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☒ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❑ Civil-Short | Trial 210 days from first answer. |
| ❑ Civil-Standard | Trial 360 days from first answer. |
| ❑ Custom | Scheduling order entered by individual judge. |
| ❑ Asbestos | Special scheduling order. |
| ❑ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ❑ Tax Sale Foreclosures | Special scheduling order. |
| ❑ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ❑ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❑ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❑ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❑ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

August 23, 2025
_____
Date

Flood Law LLC 2600 Tower Oaks Blvd, Suite 290
_____
Address

Rockville          MD        20852
_____
City          State      Zip Code

/s/ John B. Flood                    0506100001
_____
Signature of Attorney / Party          Attorney Number

John B. Flood
_____
Printed Name

**IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**

| | | |
|---|---|---|
| Monika Santiago, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. C-24-CV-25-006454 |
| | ) | |
| Maiwand Grill and | ) | |
| Ishhaq Rafiq, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES now Defendants Maiwand Grill and Ishhaq Rafiq, though undersigned Counsel and pursuant to Maryland Rule 2-322(b)(2), and respectfully file this Motion to Dismiss Plaintiff's Letter of July 18, 2025 (i.e., Plaintiff's "Complaint"). For the reasons explained herein, Defendants respectfully submit that Plaintiff's Letter should be dismissed.

## ADVISEMENT TO *PRO SE* PLAINTIFF

Plaintiff, who is proceeding pro se, is hereby advised that Defendants are filing this Motion to Dismiss pursuant to Maryland Rules 2-311 and 2-322 and through such, Plaintiff's Complaint and claims could be dismissed with prejudice.  Plaintiff is further advised that under Maryland Rule 2-311, she will have a period of 15 calendar days after it is served in which to file any response to this Motion with the Circuit Court for Baltimore City.

## PROCEDURAL BACKGROUND

On July 18, 2025, Plaintiff filed her Complaint.

This Complaint is in a letter format and it does not identify with specificity which laws or other causes of action upon which Plaintiff seeks relief.

Through the Complaint, Plaintiff alleges that Plaintiff, for an unspecified period of approximately three years, worked for Defendant Maiwand Grill as a server.

Through the Complaint, Plaintiff asserts that "management regularly withheld a significant portion of tips that were rightfully mine." Complaint, ¶ 1. Plaintiff has failed to provide any further factual allegations to support this allegation and purported claim.

Through the Complaint, Plaintiff also asserts "I frequently worked over 40 hours per week but was not paid the legally required time-and-one-half rate. Instead, I received flat cash payments for extra hours that were not reported on my W-2." Complaint, ¶ 2. Plaintiff has failed to provide any further factual allegations to support this allegation and purported claim.

Finally, through the Complaint, Plaintiff asserts that "Following my termination, I did not receive payment for her final week of work. Despite multiple attempts to collect these wages, Mr. Rafiq has refused to pay me." Complaint, ¶ 2. Plaintiff has also failed to provide any further factual allegations to support this allegation and purported claim

The Complaint provides no other asserted factual allegations, including but not limited to any factual allegations sufficient to explain why Defendant Rafiq should be included as a Defendant in this action.

## **ARGUMENT**

Maryland Rule 2-305 provides as follows:

A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, **shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought**. Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000. Relief in the alternative or of several different types may be demanded. (Emphasis added).

In *Eastland Food Corp. v. Mekhaya*, 486 Md. 1, 20 (2023), the Supreme Court of

Maryland recently summarized the standards governing a Motion to Dismiss under Maryland

Rule 2-322(b)(2):

Pursuant to Maryland Rule 2-322(b)(2), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. The court must read the complaint in the light most favorable to the plaintiff, and accept as true the well-pleaded facts and the reasonable inferences drawn from such facts. *RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 643, 994 A.2d 430 (2010).The court may dismiss the complaint only if the allegations and permissible inferences drawn therefrom fail to state a cause of action.

In reviewing a Motion to Dismiss for Failure to State a Claim, the Court must "accept all well-pled facts in the complaint, and reasonable inferences drawn from them, in a light most favorable to the non-moving party[.]" *Sprenger v. Pub. Serv. Comm'n of Md.*, 400 Md. 1, 21 (2007). The Court shall presume that all well-pleaded facts in the complaint are true, along with any reasonable inferences derived from them. *Sullivan v. Caruso Builder Belle Oak, LLC*, 251 Md. App. 304, 317 (2021).

A pleading must contain "only such statements of fact as may be necessary to show the pleader's entitlement to relief or ground of defense." Md. Rule 2-303(b); *see LaSalle Bank, N.A. v. Reeves*, 173 Md. App. 392, 410-11, 919 A.2d 738 (2007) (noting that one of the main purposes of pleading is to provide "notice to the parties as to the nature of the claim or defense"). The Court shall "presume the truth of all well-pleaded facts in the complaint, along with any reasonable inferences derived therefrom." *Schisler v. State of Maryland*, 177 Md. App. 731, 743 (2007). The central inquiry is whether the facts within the complaint created a legally sufficient cause of action. *Id.* The Court shall "`presume the truth of all well-pleaded facts in the complaint, along with any reasonable inferences derived therefrom.'" *Id.* (quoting *Fioretti v. Md. State Bd. of Dental Exam'rs,* 351 Md. 66, 72 (1998)). This standard applies equally to an amended complaint. *Id.*

Plaintiff has failed to identify, in separate counts and with the necessary specificity the specific laws or other causes of action upon which she seeks to obtain judgment against Defendants. Moreover, Plaintiff has not included well-plead, non-conclusory factual allegations sufficient to demonstrate that if such allegations are true, she would be entitled to the relief that she is seeking through this action. Based upon Plaintiff's vague and conclusory assertions in the Complaint, it is not clear to Defendants the specific claims that Plaintiff is bringing; the factual

and legal basis for such; and whether, based upon the elements of such offenses (which Plaintiff has failed to identify), Plaintiff has sufficiently stated one or more claims upon which relief can be granted. As a result, Defendants respectfully submit that Plaintiff's Complaint should be dismissed.

Plaintiff has also failed to make factual allegations sufficient to justify inclusion of Defendant Rafiq as a Defendant in this case.  To that end, in the Complaint, Plaintiff makes the following assertion:

> "I further request that Mr. Rafiq be held liable for the wages owed, along with any damages or penalties the Court deems appropriate." Complaint.

This conclusory allegation concerning Defendant Rafiq does not include facts sufficient for this Court to state a viable claim for why he should be held liable to Defendant in this action.

Based upon the foregoing reasons, Defendants respectfully requests that the Complaint be dismissed with prejudice, and that the Court award Defendants any other relief which it deems to be fair and just.

Dated: August 23, 2025          Respectfully submitted,

                                /s/ *John B. Flood*
                                _____
                                John B. Flood, Member (CPF # 0506100001)
                                Flood Law LLC
                                2600 Tower Oaks Blvd, Suite 290
                                Rockville, MD 20852
                                Tel.: (240) 403-2619
                                john@fmlaw.org
                                *Counsel for Defendants*

**<u>Certificate of Service</u>**

I certify that on August 25, 2025, a copy of the foregoing will be served via First Class Mail upon the following person:

Monika Santiago
300 N Charles St., Apt 407
Baltimore, MD 21201
Plaintiff


/s/ *John B. Flood*

_____
John B. Flood
*Counsel for Defendants*

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

Monika Santiago,        )
                                 )
Plaintiff,             )
                                 )
     v.                )      Case No. C-24-CV-25-006454
                                 )
Maiwand Grill and      )
Ishhaq Rafiq,         )
                                 )
Defendants.        )

## ORDER

Upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, and any response in opposition thereto, it is hereby ordered that Plaintiff's Complaint is DISMISSED.

Plaintiff's Complaint is hereby DISMISED,

- With prejudice **or**,

- Without prejudice, with leave to file an amended complaint within 30 days of the date of the entry of this Order.

Entered this _____ day of September 2025.

SO ORDERED.

_____
Judge
Circuit Court of Baltimore City

-

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | | |
|---|---|---|
| Monika Santiago, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. C-24-CV-25-006454 |
| | ) | |
| Maiwand Grill and | ) | |
| Ishhaq Rafiq, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS

Please accept this as our Notice of Appearance of Counsel on behalf of

Defendants Maiwand Grill and Ishhaq Rafiq in this matter.


Dated: August 23, 2025              Respectfully submitted,

                                    /s/ *John B. Flood*

                                    _____
                                    John B. Flood, Member (CPF # 0506100001)
                                    Flood Law LLC
                                    2600 Tower Oaks Blvd, Suite 290
                                    Rockville, MD 20852
                                    Tel.: (240) 403-2619
                                    john@fmlaw.org
                                    *Counsel for Defendants*

**<u>Certificate of Service</u>**

       I certify that on August 25, 2025, a copy of the foregoing will be served via First Class Mail upon the following person:

    Monika Santiago
    300 N Charles St., Apt 407
    Baltimore, MD 21201
    Plaintiff


                              /s/ *John B. Flood*

                              _____

                              John B. Flood
                              *Counsel for Defendants*

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

Monika Santiago,
Plaintiff,

v.                          Case No. C-24-CV-25-006454

Maiwand Grill and
Ishhaq Rafiq,
Defendants.

\*\*\*

### AMENDED COMPLAINT

Plaintiff, Monika Santiago, by and for her Amended Complaint against Defendants Maiwand Grill and Ishhaq Rafiq, states as follows:

### PARTIES
1.      Plaintiff Monika Santiago is an individual residing at 300 N Charles St., Apt 407, Baltimore, MD 21201.
2.      Defendant Maiwand Grill is a restaurant located in Baltimore City, Maryland.
3.      Defendant Ishhaq Rafiq is the primary owner and operator of Maiwand Grill, who exercised operational and financial control over the business. He hired Plaintiff, approved payroll practices conducted by his sister and co-owner Nilofar Alumyar, and personally refused to pay Plaintiff's final wages.

### JURISDICTION & VENUE
4.      This Court has jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-101.
5.      Venue is proper in Baltimore City because Defendants' business is located here and the events giving rise to these claims occurred here.

### FACTUAL BACKGROUND
6.      Plaintiff worked as a server for Defendant Maiwand Grill from July 2022 until her termination in June 2025.
7.      Plaintiff was hired directly by Defendant Rafiq.
8.      Plaintiff's regular schedule was approximately 12:00 p.m. to 9:30 p.m., five days per week, averaging about 47 hours weekly.
9.      Plaintiff's regular rate of pay started at $15.00 per hour in July 2022 and increased over the course of her employment to $17.00 per hour by the time of her termination in June 2025.
10.      Payroll and wage practices were managed by Defendant Rafiq's sister and co-owner, Nilofar Alumyar. Defendant Rafiq was fully aware of and approved all such practices.

11.     On behalf of Defendants, Ms. Alumyar paid Plaintiff via direct deposit for only 35 hours per week, regardless of the actual hours Plaintiff worked.

12.     Any hours worked beyond 35 were paid in cash, off the books, and without the legally required time-and-a-half overtime premium.

13.     Plaintiff regularly earned over $100–$300 per day in tips. However, Ms. Alumyar, with Defendant Rafiq's knowledge and approval, routinely withheld the vast majority of Plaintiff's tips, paying her only a flat $100 per week from her earnings.

14.     Following her termination in June 2025, Defendants refused to pay Plaintiff for her final week of work.

15.     Plaintiff possesses handwritten pay stubs, issued by Ms. Alumyar, that reflect hours worked over 40 and the improper cash wage payments. Plaintiff also has proof of her daily tip earnings. These documents will be produced in discovery.

16.     Plaintiff also has text messages from Defendant Rafiq in which he personally and directly refused to pay Plaintiff's final wages. Copies of these messages are attached hereto as **Exhibit B**.

17.     Defendant Rafiq, as the primary owner who exercised ultimate control over the restaurant's operations, was fully aware of, approved, and permitted the unlawful pay practices managed by Ms. Alumyar, including the withholding of tips and making off-the-books cash payments.

**COUNT I** – Violation of Maryland Wage Payment and Collection Law (MWPCL)
(Md. Code Ann., Lab. & Empl. § 3-501 et seq.)

18.     Plaintiff incorporates by reference ¶¶ 1–17.

19.     Defendants failed to pay Plaintiff all wages earned, including her earned tips and her final week's pay, in violation of the MWPCL.

20.     Defendants' failure to pay these wages was not the result of a bona fide dispute and was therefore willful.

21.     Plaintiff is entitled to recover her unpaid wages, up to three times the amount owed in damages, plus attorney's fees and costs.

**COUNT II** – Violation of Maryland Wage and Hour Law (MWHL)
(Md. Code Ann., Lab. & Empl. § 3-401 et seq.)

22.     Plaintiff incorporates by reference ¶¶ 1–17.

23.     Defendants required Plaintiff to work more than 40 hours per week but failed to pay her overtime wages at one and one-half times her regular rate for those hours.

24.     Defendants' practice of paying for only 35 hours by direct deposit and paying for a portion of overtime hours in straight-time cash was an unlawful scheme to avoid their obligations under the MWHL.

25.     Plaintiff is entitled to recover her unpaid overtime wages, an equal amount in liquidated damages, and costs.

**COUNT III** – Violation of the Fair Labor Standards Act (FLSA)
**(29 U.S.C. § 201 et seq.)**

26.     Plaintiff incorporates by reference ¶¶ 1–17.

27.    Defendants are employers engaged in commerce within the meaning of the FLSA.

28.    Defendants violated the FLSA by failing to pay Plaintiff overtime compensation at one and one-half times her regular rate for all hours she worked over 40 in a workweek.

29.    Defendant Rafiq exercised significant control over Plaintiff's employment, approved the unlawful wage practices, and is therefore individually liable as an "employer" under 29 U.S.C. § 203(d).

30.    Defendants' violations of the FLSA were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, for:

a. Unpaid wages, including all wrongfully withheld tips and final wages;
b. Unpaid overtime compensation;
c. Treble damages under the MWPCL for the willful nonpayment of wages;
d. Liquidated damages under the MWHL and FLSA;
e. Attorney's fees and costs of this action; and
f. Any other and further relief the Court deems just and proper.

\*\*\*

Respectfully submitted,

/s/ Monika Santiago
Monika Santiago, Plaintiff Pro Se
300 N Charles St., Apt 407
Baltimore, MD 21201
Tel: (631) 381-5020
Email: mnksntg@gmail.com

\*\*\*

## **LIST OF EXHIBITS**

1.    Exhibit A – Damages Calculation (preliminary estimate of unpaid wages, overtime, and tips).

2.    Exhibit B - Text messages between Plaintiff and Defendant Rafiq, dated June 23, 2025, in which Defendant Rafiq refused to pay Plaintiff's final wages.

3.    Exhibit C – Notice of Additional Supporting Evidence to be produced in discovery (including handwritten pay stubs reflecting off-the-books payments and records of tip earnings).

\*\*\*

## EXHIBIT A – DAMAGES CALCULATION

### 1. Employment Period
* July 2022 through June 2025 (approx. 3 years / 156 weeks).

### 2. Withheld Tips
* Plaintiff regularly earned over $100–$300 per day in tips, depending on how busy the restaurant was.
* Plaintiff has proof (including records and text messages) of consistently making well over $100 daily in tips, which were not given to her.
* Defendants, however, only paid Plaintiff $100 per week from her earned tips.
* Conservative estimate: $250/day × 5 days/week = $1,250/week in tips earned.
* Paid only $100/week → $1,150/week withheld.
* $1,150 × 156 weeks = $179,400 (withheld tips).

### 3. Unpaid Overtime (Cash Payments Without Premium)
* Regular schedule: 12:00 p.m. – 9:30 p.m. (≈ 9.5 hours/day × 5 days = 47.5 hours/week).
* Hours recorded in payroll/direct deposit: 35 hours/week.
* Extra hours worked off the books: ~12.5 hours/week.
* Plaintiff was paid straight time in cash for these hours, not time-and-a-half.
* Using an average regular rate of $16/hour for calculation purposes:
* Overtime rate should have been $24.00/hour.
* Paid only straight time ($16/hour) → $8.00/hour shortfall.
* $8.00 × 12.5 hours/week = $100.00/week unpaid overtime premium.
* $100.00 × 156 weeks = $15,600 (unpaid overtime).

### 4. Final Week's Wages
* Final week in June 2025 not paid.
* At her final pay rate of $17.00/hour: Approximately 47.5 hours × $17.00/hour = $807.50 (final wages owed).

### 5. Total Estimated Damages (Before Statutory Multipliers)
* Withheld Tips: $179,400.00
* Unpaid Overtime: $15,600.00
* Final Wages: $807.50
Subtotal: $195,807.50

### 6. Statutory Enhancements
* Under the Maryland Wage Payment and Collection Law (MWPCL): treble damages (up to 3× unpaid wages).
* Under the FLSA and MWHL: liquidated damages equal to unpaid wages.
* Therefore, Plaintiff's potential recovery could be substantially higher once statutory multipliers are applied.

***

## **EXHIBIT B – TEXT MESSAGES REGARDING UNPAID FINAL WAGES**

Description: Exhibit B consists of screenshots of text message conversations between Plaintiff and Defendant Ishhaq Rafiq in June 2025. In these messages, Defendant Rafiq refuses to pay Plaintiff's final week of wages, instead claiming offsets. This supports Plaintiff's claim under the Maryland Wage Payment and Collection Law (MWPCL).



**12:45**

< 59

Eshhaq Isaac Waleed Daniel >

Mon, Jun 23 at 10:14 AM

Helloooo, I wanted to know if my last paycheck was sent through. I know because Thursday was a holiday there's bank delays but I still haven't received it.

You owe me 1200.00$

How do you expect to get paid if you owe me ?

Nilo called me you owe us 2500.00$

When are you paying this ? You only paid 300.00$ and u owe me 2200.00$!

## **EXHIBIT C – NOTICE OF ADDITIONAL SUPPORTING EVIDENCE TO BE PRODUCED IN DISCOVERY**

Exhibit C serves as notice that Plaintiff possesses additional documentary evidence supporting her claims, including but not limited to:

*        Handwritten pay stubs reflecting hours worked over 40 per week and cash payments made off the books;

*        Proof of tip earnings, including records demonstrating that Plaintiff regularly earned over $100–$300 daily in tips that were not paid to her;

*        Other payroll-related documentation corroborating Plaintiff's allegations of wage theft, improper cash payments, and withheld compensation.

These materials will be produced during discovery in accordance with the Maryland Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I certify that in August 26, 2025, a copy of the foregoing will be served via First Class Mail to the following person:

John B. Flood

Flood Law LLC

2600 Tower Oaks Blvd, Suite 290

Rockville, MD 20852

/s/ Monika Santiago

E-FILED; Baltimore City Circuit Court
Docket: 8/25/2025 1:48 PM; Submission: 8/25/2025 1:48 PM
Envelope: 22639331

**CIRCUIT COURT FOR BALTIMORE CITY,
MARYLAND**
CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202

Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** MONIKA SANTIAGO
300 N CHARLES ST APT 407
BALTIMORE, MD 21201

|  |  |
|---|---|
| **Case Number:** | C-24-CV-25-006454 |
| **Other Reference Number(s):** |  |

**MONIKA SANTIAGO VS. MAIWAND GRILL, ET AL.**

Date: 8/25/2025

# MDEC DEFICIENCY NOTICE
## (Md. Rules Title 20)

To **Monika Santiago:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are: Amended Complaint 08/24/2025.**

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by (1) a visual image of the signer's handwritten signature or (2) by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule(s) 20-107(d)(1) and 20-101(e).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☒ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Other- Certificate of service required for Amended Complaints, as well as redline copy.

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 8/25/2025 with envelope 22627676.**

Xavier A. Conaway
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

_____    _____
Date                              Judge

cc:    Monika Santiago

Monika Santiago
John Byron  Flood

E-SERVED Baltimore City Circuit Court 9/9/2025 9:44 AM System SystemEnvelope:22843507

E-FILED; Baltimore City Circuit Court
Case 1:25-cv-03107-SAG Document 1-1 Filed 09/24/25 Page 25 of 47
Docket: 9/9/2025 9:44 AM; Submission: 9/9/2025 9:44 AM
Envelope: 22843507

**CIRCUIT COURT FOR BALTIMORE CITY MARYLAND**

CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202

Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** MONIKA SANTIAGO
300 N CHARLES ST APT 407
BALTIMORE, MD 21201

|  |  |
|---|---|
| **Case Number:** | **C-24-CV-25-006454** |
| **Other Reference Number(s):** | |

**MONIKA SANTIAGO VS. MAIWAND GRILL, ET AL.**

Date: 8/25/2025

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To **Monika Santiago:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are:  Amended Complaint 08/24/2025.**

- [ ] In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

- [ ] The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

- [ ] The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

- [ ] The exhibit(s) are not identified using the drop-down menu provided.

- [ ] The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

- [ ] The submission does not include the filer's signature (the signer's typewritten name accompanied by (1) a visual image of the signer's handwritten signature or (2) by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

- [ ] The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

- [ ] You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

Case Number: C-24-CV-25-006454
Other Reference Number(s):

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule(s) 20-107(d)(1) and 20-101(e).)

☐ CONSOLIDATED CASES: The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☒ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Other- Certificate of service required for Amended Complaints, as well as redline copy.

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 8/25/2025 with envelope 22627676.**

Xavier A. Conaway
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

09/09/2025 8:28:22 AM

_____     _____
Date                              Judge

cc:    Monika Santiago

Monika Santiago
John Byron  Flood

**CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**

CIVIL DIVISION

111 N. Calvert Street

Baltimore, Maryland 21202

Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** MONIKA SANTIAGO
300 N CHARLES ST APT 407
BALTIMORE, MD 21201

|  |  |
|---|---|
| **Case Number:** | C-24-CV-25-006454 |
| **Other Reference Number(s):** | |

**MONIKA SANTIAGO VS. MAIWAND GRILL, ET AL.**

Date: 9/9/2025

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To **Monika Santiago:** You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(3) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days, making no other amendments, modifications, or changes to the submission except to correct the deficiency. The time to file any responsive submission shall run from the date that the correct submission is filed. The deficient submission file name(s) and date of filing are:  Amended Complaint 8/25/25.**

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g., upside down, sideways, blurry, and blank pages).

☐ The electronic file names must relate to the title of the submission. The electronic file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g., RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the electronic file name should accurately refer to the submission to which they relate. (e.g., Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g., Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by (1) a visual image of the signer's handwritten signature or (2) by the symbol /s/) as required by Rule(s) 20-107(a)(1) and 20-101(t).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ You attempted to enter your appearance in the case as attorney for the victim or victim's representative without using form MDJ-009-Notice of Entry of Appearance by Attorney for Victim or Victim's Representative. (See Rule 20-103(b)(1)(A).)

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule(s) 20-107(d)(1) and 20-101(e).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code was incorrect, and the clerk's office was unable to determine the correct code.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g., includes improper fee multiplier).

☐ The submission was filed by a registered user on behalf of a non-registered user in violation of the policy published by the State Court Administrator.

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☐ (District Court only) WARRANT OF RESTITUTION: The petitioner must submit both the front of the Petition for Warrant of Restitution and the second page which contains important notices to defendant.

☐ (District Court only) The submission must be submitted on the most recent version of a form approved by the Chief Judge of the District Court.

☒ Other – Amended Complaints must be accompanied with a comparison complaint and or redlined copy

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 9/9/2025 with envelope .**

Xavier A. Conaway
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(3), the deficient submission(s) is/are stricken.

_____    _____
Date                Judge

cc:    Monika Santiago

Monika Santiago
John Byron  Flood

E-FILED; Baltimore City Circuit Court
Docket: 9/12/2025 3:00 PM; Submission: 9/12/2025 3:00 PM
Envelope: 22913268

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

Monika Santiago,
Plaintiff,

v.                    Case No. C-24-CV-25-006454

Maiwand Grill and
Ishhaq Rafiq,
Defendants.

***

## AMENDED COMPLAINT

Plaintiff, Monika Santiago, by and for her Amended Complaint against Defendants Maiwand Grill and Ishhaq Rafiq, states as follows:

### PARTIES
1.    Plaintiff Monika Santiago is an individual residing at 300 N Charles St., Apt 407, Baltimore, MD 21201.
2.    Defendant Maiwand Grill is a restaurant located in Baltimore City, Maryland.
3.    Defendant Ishhaq Rafiq is the primary owner and operator of Maiwand Grill, who exercised operational and financial control over the business. He hired Plaintiff, approved payroll practices conducted by his sister and co-owner Nilofar Alumyar, and personally refused to pay Plaintiff's final wages.

### JURISDICTION & VENUE
4.    This Court has jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-101.
5.    Venue is proper in Baltimore City because Defendants' business is located here and the events giving rise to these claims occurred here.

### FACTUAL BACKGROUND
6.    Plaintiff worked as a server for Defendant Maiwand Grill from July 2022 until her termination in June 2025.
7.    Plaintiff was hired directly by Defendant Rafiq.
8.    Plaintiff's regular schedule was approximately 12:00 p.m. to 9:30 p.m., five days per week, averaging about 47 hours weekly.
9.    Plaintiff's regular rate of pay started at $15.00 per hour in July 2022 and increased over the course of her employment to $17.00 per hour by the time of her termination in June 2025.
10.    Payroll and wage practices were managed by Defendant Rafiq's sister and co-owner, Nilofar Alumyar. Defendant Rafiq was fully aware of and approved all such practices.

11.    On behalf of Defendants, Ms. Alumyar paid Plaintiff via direct deposit for only 35 hours per week, regardless of the actual hours Plaintiff worked.

12.    Any hours worked beyond 35 were paid in cash, off the books, and without the legally required time-and-a-half overtime premium.

13.    Plaintiff regularly earned over $100–$300 per day in tips. However, Ms. Alumyar, with Defendant Rafiq's knowledge and approval, routinely withheld the vast majority of Plaintiff's tips, paying her only a flat $100 per week from her earnings.

14.    Following her termination in June 2025, Defendants refused to pay Plaintiff for her final week of work.

15.    Plaintiff possesses handwritten pay stubs, issued by Ms. Alumyar, that reflect hours worked over 40 and the improper cash wage payments. Plaintiff also has proof of her daily tip earnings. These documents will be produced in discovery.

16.    Plaintiff also has text messages from Defendant Rafiq in which he personally and directly refused to pay Plaintiff's final wages. Copies of these messages are attached hereto as **Exhibit B**.

17.    Defendant Rafiq, as the primary owner who exercised ultimate control over the restaurant's operations, was fully aware of, approved, and permitted the unlawful pay practices managed by Ms. Alumyar, including the withholding of tips and making off-the-books cash payments.

**COUNT I** – Violation of Maryland Wage Payment and Collection Law (MWPCL)
(Md. Code Ann., Lab. & Empl. § 3-501 et seq.)

18.    Plaintiff incorporates by reference ¶¶ 1–17.

19.    Defendants failed to pay Plaintiff all wages earned, including her earned tips and her final week's pay, in violation of the MWPCL.

20.    Defendants' failure to pay these wages was not the result of a bona fide dispute and was therefore willful.

21.    Plaintiff is entitled to recover her unpaid wages, up to three times the amount owed in damages, plus attorney's fees and costs.

**COUNT II** – Violation of Maryland Wage and Hour Law (MWHL)
(Md. Code Ann., Lab. & Empl. § 3-401 et seq.)

22.    Plaintiff incorporates by reference ¶¶ 1–17.

23.    Defendants required Plaintiff to work more than 40 hours per week but failed to pay her overtime wages at one and one-half times her regular rate for those hours.

24.    Defendants' practice of paying for only 35 hours by direct deposit and paying for a portion of overtime hours in straight-time cash was an unlawful scheme to avoid their obligations under the MWHL.

25.    Plaintiff is entitled to recover her unpaid overtime wages, an equal amount in liquidated damages, and costs.

**COUNT III** – Violation of the Fair Labor Standards Act (FLSA)
**(29 U.S.C. § 201 et seq.)**

26.    Plaintiff incorporates by reference ¶¶ 1–17.

27.    Defendants are employers engaged in commerce within the meaning of the FLSA.

28.    Defendants violated the FLSA by failing to pay Plaintiff overtime compensation at one and one-half times her regular rate for all hours she worked over 40 in a workweek.

29.    Defendant Rafiq exercised significant control over Plaintiff's employment, approved the unlawful wage practices, and is therefore individually liable as an "employer" under 29 U.S.C. § 203(d).

30.    Defendants' violations of the FLSA were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, for:

a. Unpaid wages, including all wrongfully withheld tips and final wages;
b. Unpaid overtime compensation;
c. Treble damages under the MWPCL for the willful nonpayment of wages;
d. Liquidated damages under the MWHL and FLSA;
e. Attorney's fees and costs of this action; and
f. Any other and further relief the Court deems just and proper.

\*\*\*

Respectfully submitted,

/s/ Monika Santiago
Monika Santiago, Plaintiff Pro Se
300 N Charles St., Apt 407
Baltimore, MD 21201
Tel: (631) 381-5020
Email: mnksntg@gmail.com

\*\*\*

## **LIST OF EXHIBITS**

1.    Exhibit A – Damages Calculation (preliminary estimate of unpaid wages, overtime, and tips).

2.    Exhibit B - Text messages between Plaintiff and Defendant Rafiq, dated June 23, 2025, in which Defendant Rafiq refused to pay Plaintiff's final wages.

3.    Exhibit C – Notice of Additional Supporting Evidence to be produced in discovery (including handwritten pay stubs reflecting off-the-books payments and records of tip earnings).

\*\*\*

## EXHIBIT A – DAMAGES CALCULATION

### 1. Employment Period
* July 2022 through June 2025 (approx. 3 years / 156 weeks).

### 2. Withheld Tips
* Plaintiff regularly earned over $100–$300 per day in tips, depending on how busy the restaurant was.
* Plaintiff has proof (including records and text messages) of consistently making well over $100 daily in tips, which were not given to her.
* Defendants, however, only paid Plaintiff $100 per week from her earned tips.
* Conservative estimate: $250/day × 5 days/week = $1,250/week in tips earned.
* Paid only $100/week → $1,150/week withheld.
* $1,150 × 156 weeks = $179,400 (withheld tips).

### 3. Unpaid Overtime (Cash Payments Without Premium)
* Regular schedule: 12:00 p.m. – 9:30 p.m. (≈ 9.5 hours/day × 5 days = 47.5 hours/week).
* Hours recorded in payroll/direct deposit: 35 hours/week.
* Extra hours worked off the books: ~12.5 hours/week.
* Plaintiff was paid straight time in cash for these hours, not time-and-a-half.
* Using an average regular rate of $16/hour for calculation purposes:
* Overtime rate should have been $24.00/hour.
* Paid only straight time ($16/hour) → $8.00/hour shortfall.
* $8.00 × 12.5 hours/week = $100.00/week unpaid overtime premium.
* $100.00 × 156 weeks = $15,600 (unpaid overtime).

### 4. Final Week's Wages
* Final week in June 2025 not paid.
* At her final pay rate of $17.00/hour: Approximately 47.5 hours × $17.00/hour = $807.50 (final wages owed).

### 5. Total Estimated Damages (Before Statutory Multipliers)
* Withheld Tips: $179,400.00
* Unpaid Overtime: $15,600.00
* Final Wages: $807.50
Subtotal: $195,807.50

### 6. Statutory Enhancements
* Under the Maryland Wage Payment and Collection Law (MWPCL): treble damages (up to 3× unpaid wages).
* Under the FLSA and MWHL: liquidated damages equal to unpaid wages.
* Therefore, Plaintiff's potential recovery could be substantially higher once statutory multipliers are applied.

***

## **EXHIBIT B – TEXT MESSAGES REGARDING UNPAID FINAL WAGES**

Description: Exhibit B consists of screenshots of text message conversations between Plaintiff and Defendant Ishhaq Rafiq in June 2025. In these messages, Defendant Rafiq refuses to pay Plaintiff's final week of wages, instead claiming offsets. This supports Plaintiff's claim under the Maryland Wage Payment and Collection Law (MWPCL).



**12:45**

‹ 59

Eshhaq Isaac Waleed Daniel ›

Mon, Jun 23 at 10:14 AM

Helloooo, I wanted to know if my last paycheck was sent through. I know because Thursday was a holiday there's bank delays but I still haven't received it.

You owe me 1200.00$

How do you expect to get paid if you owe me ?

Nilo called me you owe us 2500.00$

When are you paying this ? You only paid 300.00$ and u owe me 2200.00$!

## **EXHIBIT C – NOTICE OF ADDITIONAL SUPPORTING EVIDENCE TO BE PRODUCED IN DISCOVERY**

Exhibit C serves as notice that Plaintiff possesses additional documentary evidence supporting her claims, including but not limited to:

*       Handwritten pay stubs reflecting hours worked over 40 per week and cash payments made off the books;

*       Proof of tip earnings, including records demonstrating that Plaintiff regularly earned over $100–$300 daily in tips that were not paid to her;

*       Other payroll-related documentation corroborating Plaintiff's allegations of wage theft, improper cash payments, and withheld compensation.

These materials will be produced during discovery in accordance with the Maryland Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I certify that in August 26, 2025, a copy of the foregoing will be served via First Class Mail to the following person:

John B. Flood

Flood Law LLC

2600 Tower Oaks Blvd, Suite 290

Rockville, MD 20852

/s/ Monika Santiago

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

Monika Santiago,

Plaintiff,

v. Case No. C-24-CV-25-006454

Maiwand Grill and

Ishhaq Rafiq,

Defendants.


**Redlined Copy**

~~Re: Request to File Civil Complaint — Wage Theft, Tip Misappropriation, and Overtime Violations~~

~~Dear Clerk of the Court,~~

~~My name is Monika Santiago, and I am seeking to file a civil complaint against my former employer, Mr. Eshhaq Rafiq, owner of Maiwand Grill, located at 324 W Baltimore Street, Baltimore, MD 21201.~~

~~I was employed by Maiwand Grill for approximately three years as a server. During my timethere, I experienced numerous wage and labor violations, including:~~

~~1. Tip Misappropriation — Management routinely withheld a significant portion of tips that were rightfully mine.~~

~~2. Failure to Pay Overtime — I frequently worked over 40 hours per week but was not paid the legally required time-and-a-half rate. Instead, I received flat cash payments for extra hours that were not reported on my W-2.~~

~~3. Unpaid Final Wages — Following my termination, I did not receive payment for my final week of work. Despite multiple attempts to collect these wages, Mr. Rafiq has refused to pay me. I estimate that I am owed approximately $90,000 in unpaid wages, misappropriated tips, andunpaid overtime, including applicable damages and penalties under Maryland wage laws.~~

~~I respectfully request that the court allow this matter to be heard and that a hearing bescheduled. I further request that Mr. Rafiq be held liable for the wages owed, along with any damages or penalties the court deems appropriate.Please advise me of the next steps required to formally file this complaint in Circuit Court, including any forms or filing fees that may apply.~~

~~Thank you for your time and attention to this matter.~~

## AMENDED COMPLAINT

Plaintiff, Monika Santiago, by and for her Amended Complaint against Defendants Maiwand Grill

and Ishhaq Rafiq, states as follows:

PARTIES

1. Plaintiff Monika Santiago is an individual residing at 300 N Charles St., Apt 407, Baltimore, MD 21201.

2. Defendant Maiwand Grill is a restaurant located in Baltimore City, Maryland.

3. Defendant Ishhaq Rafiq is the primary owner and operator of Maiwand Grill, who exercised operational and financial control over the business. He hired Plaintiff, approved payroll practices conducted by his sister and co-owner Nilofar Alumyar, and personally refused to pay Plaintiff's final wages.

JURISDICTION & VENUE

4. 5. This Court has jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-101.

Venue is proper in Baltimore City because Defendants' business is located here and the events giving rise to these claims occurred here.

FACTUAL BACKGROUND

6. Plaintiff worked as a server for Defendant Maiwand Grill from July 2022 until her termination in June 2025.

7. Plaintiff was hired directly by Defendant Rafiq.

8. Plaintiff's regular schedule was approximately 12:00 p.m. to 9:30 p.m., five days per week, averaging about 47 hours weekly.

9. Plaintiff's regular rate of pay started at $15.00 per hour in July 2022 and increased over the course of her employment to $17.00 per hour by the time of her terminationin June 2025.

10. Payroll and wage practices were managed by Defendant Rafiq's sister and co-owner, Nilofar Alumyar. Defendant Rafiq was fully aware of and approved all such practices.11. On behalf of Defendants, Ms. Alumyar paid Plaintiff via direct deposit for only 35 hours per week, regardless of the actual hours Plaintiff worked.

12. Any hours worked beyond 35 were paid in cash, off the books, and without the legally required time-and-a-half overtime premium.

13. Plaintiff regularly earned over $100–$300 per day in tips. However, Ms. Alumyar, with Defendant Rafiq's knowledge and approval, routinely withheld the vast majority of Plaintiff's tips, paying her only a flat $100 per week from her earnings.

14. Following her termination in June 2025, Defendants refused to pay Plaintiff for her final week of work.

15. Plaintiff possesses handwritten pay stubs, issued by Ms. Alumyar, that reflect hours worked over 40 and the improper cash wage payments. Plaintiff also has proof of her daily tip earnings. These documents will be produced in discovery.

16. Plaintiff also has text messages from Defendant Rafiq in which he personally and directly refused to pay Plaintiff's final wages. Copies of these messages are attached hereto as **Exhibit B**

.

17. Defendant Rafiq, as the primary owner who exercised ultimate control over the restaurant's operations, was fully aware of, approved, and permitted the unlawful pay practices managed by Ms. Alumyar, including the withholding of tips and making off-the-books cash payments.

COUNT I – Violation of Maryland Wage Payment and Collection Law (MWPCL)

(Md. Code Ann., Lab. & Empl. § 3-501 et seq.)

18. Plaintiff incorporates by reference ¶¶ 1–17.

19. Defendants failed to pay Plaintiff all wages earned, including her earned tips and her final week's pay, in violation of the MWPCL.

20. Defendants' failure to pay these wages was not the result of a bona fide dispute and was therefore willful.

21. Plaintiff is entitled to recover her unpaid wages, up to three times the amount owed in damages, plus attorney's fees and costs.

COUNT II – Violation of Maryland Wage and Hour Law (MWHL)

(Md. Code Ann., Lab. & Empl. § 3-401 et seq.)

22. Plaintiff incorporates by reference ¶¶ 1–17.

23. Defendants required Plaintiff to work more than 40 hours per week but failed to pay her overtime wages at one and one-half times her regular rate for those hours.

24. Defendants' practice of paying for only 35 hours by direct deposit and paying for a portion of overtime hours in straight-time cash was an unlawful scheme to avoid their obligations under the MWHL.

25. Plaintiff is entitled to recover her unpaid overtime wages, an equal amount in liquidated damages, and costs.

COUNT III – Violation of the Fair Labor Standards Act (FLSA)

**(29 U.S.C. § 201 et seq.)**

26. Plaintiff incorporates by reference ¶¶ 1–17.27. Defendants are employers engaged in commerce within the meaning of the FLSA.

28. Defendants violated the FLSA by failing to pay Plaintiff overtime compensation at one and one-half times her regular rate for all hours she worked over 40 in a workweek.

29. Defendant Rafiq exercised significant control over Plaintiff's employment, approved the unlawful wage practices, and is therefore individually liable as an "employer" under 29 U.S.C. § 203(d).

30. Defendants' violations of the FLSA were willful.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and

against Defendants, jointly and severally, for:

a. Unpaid wages, including all wrongfully withheld tips and final wages;

b. Unpaid overtime compensation;

c. Treble damages under the MWPCL for the willful nonpayment of wages;

d. Liquidated damages under the MWHL and FLSA;

e. Attorney's fees and costs of this action; and

f. Any other and further relief the Court deems just and proper.

***

Respectfully submitted,

/s/ Monika Santiago

Monika Santiago, Plaintiff Pro Se

300 N Charles St., Apt 407

Baltimore, MD 21201

Tel: (631) 381-5020

Email: mnksntg@gmail.com

\*\*\*

LIST OF EXHIBITS

1. Exhibit A – Damages Calculation (preliminary estimate of unpaid wages, overtime, and

tips).

2. Exhibit B - Text messages between Plaintiff and Defendant Rafiq, dated June 23, 2025, in which Defendant Rafiq refused to pay Plaintiff's final wages.

3. Exhibit C – Notice of Additional Supporting Evidence to be produced in discovery (including handwritten pay stubs reflecting off-the-books payments and records of tip earnings).

\*\*\*EXHIBIT A – DAMAGES CALCULATION

1. Employment Period

\* July 2022 through June 2025 (approx. 3 years / 156 weeks).

2. Withheld Tips

\* Plaintiff regularly earned over $100–$300 per day in tips, depending on how busy the restaurant was.

\* Plaintiff has proof (including records and text messages) of consistently making well over $100 daily in tips, which were not given to her.

\* Defendants, however, only paid Plaintiff $100 per week from her earned tips.

\* Conservative estimate: $250/day × 5 days/week = $1,250/week in tips earned.

\* Paid only $100/week → $1,150/week withheld.

\* $1,150 × 156 weeks = $179,400 (withheld tips).

3. Unpaid Overtime (Cash Payments Without Premium)

\* Regular schedule: 12:00 p.m. – 9:30 p.m. (≈ 9.5 hours/day × 5 days = 47.5 hours/week).

* Hours recorded in payroll/direct deposit: 35 hours/week.

* Extra hours worked off the books: ~12.5 hours/week.

* Plaintiff was paid straight time in cash for these hours, not time-and-a-half.

* Using an average regular rate of $16/hour for calculation purposes:

* Overtime rate should have been $24.00/hour.

* Paid only straight time ($16/hour) → $8.00/hour shortfall.

* $8.00 × 12.5 hours/week = $100.00/week unpaid overtime premium.

* $100.00 × 156 weeks = $15,600 (unpaid overtime).

4. Final Week's Wages

* Final week in June 2025 not paid.

* At her final pay rate of $17.00/hour: Approximately 47.5 hours × $17.00/hour = $807.50 (final wages owed).

5. Total Estimated Damages (Before Statutory Multipliers)

* Withheld Tips: $179,400.00

* Unpaid Overtime: $15,600.00

* Final Wages: $807.50

Subtotal: $195,807.50

6. Statutory Enhancements

* Under the Maryland Wage Payment and Collection Law (MWPCL): treble damages (up to 3× unpaid wages).

* Under the FLSA and MWHL: liquidated damages equal to unpaid wages.

* Therefore, Plaintiff's potential recovery could be substantially higher once statutory multipliers are applied.***

EXHIBIT B – TEXT MESSAGES REGARDING UNPAID FINAL WAGES

Description: Exhibit B consists of screenshots of text message conversations between Plaintiff and Defendant Ishhaq Rafiq in June 2025. In these messages, Defendant Rafiq refuses to pay Plaintiff's final week of wages, instead claiming offsets. This supports Plaintiff's claim under the

Maryland Wage Payment and Collection Law (MWPCL



Mon, Jun 23 at 10:14 AM

Helloooo, I wanted to know if my last paycheck was sent through. I know because Thursday was a holiday there's bank delays but I still haven't received it.

You owe me 1200.00$

How do you expect to get paid if you owe me ?

Nilo called me you owe us 2500.00$

When are you paying this ? You only paid 300.00$ and u owe me 2200.00$!

EXHIBIT C – NOTICE OF ADDITIONAL SUPPORTING EVIDENCE TO BE PRODUCED IN

DISCOVERY

*

Exhibit C serves as notice that Plaintiff possesses additional documentary evidence supporting her claims, including but not limited to:

*

Handwritten pay stubs reflecting hours worked over 40 per week and cash payments made off the books; Proof of tip earnings, including records demonstrating that Plaintiff regularly earned over $100–$300 daily in tips that were not paid to her;*Other payroll-related documentation corroborating Plaintiff's allegations of wage theft, improper cash payments, and withheld compensation.

These materials will be produced during discovery in accordance with the Maryland Rules of Civil Procedure

CERTIFICATE OF SERVICE

I certify that in September 11, 2025, a copy of the foregoing will be served via First Class Mail and MDEC account to the following person:

John B. Flood

Flood Law LLC

2600 Tower Oaks Blvd, Suite 290

Rockville, MD 20852

/s/ Monika Santiago